## Tabarrini Appeal

*David B. Miller* and *Everett A. Rosser*, for appellants.

*Paul R. Selecky*, for Liquor Control Board.

HOBAN, P. J., July 7, 1954.—Dino and Helen Tabar-

rini, husband and wife, were joint licensees owning a restaurant liquor license for premises standing in their name in the City of Scranton. Dino Tabarrini became involved in a series of criminal offenses, was tried and convicted in the Court of Quarter Sessions of Lackawanna County and sentenced to imprisonment in the penitentiary. On these facts, in revocation proceedings, the Pennsylvania Liquor Control Board found quite properly that Dino Tabarrini was not a proper person to hold a restaurant liquor license and so revoked the license issued to the husband and wife. The question involved in this appeal is whether the revocation as to Helen Tabarrini ought to prevail, the theory of appellant being that Helen Tabarrini was an innocent person, was in effect the real owner and manager of the premises and that to revoke the license as to her works, in view of the provisions of the Quota Law, an almost irreparable economic injury.

By stipulation of counsel the record of proceedings before the examiner for the Pennsylvania Liquor Control Board was included as part of the evidence in the case, and additional testimony was heard by the court from Helen Tabarrini and her mother-in-law, Anna Tabarrini Pierelli.

From the evidence we make the following findings of fact in addition to the findings of fact made by the Pennsylvania Liquor Control Board:

1. The restaurant for which the license under examination was issued has been operated as such by members of the Tabarrini family since 1933 and is located in a building in which various members of the family have apartments. From 1933 to 1945 the restaurant under the ownership and management of Mr. Tabarrini (father of Dino Tabarrini) and/or his wife, Anna Tabarrini, was duly licensed under various forms of licenses issued by the Pennsylvania Liquor Control Board initially to dispense malt beverages and

subsequently as a place for the sale of liquor at retail. After the death of Mr. Tabarrini his widow, Anna Tabarrini, now by marriage Anna Tabarrini Pierelli, as the owner of the property operated and maintained the restaurant and was duly licensed for the sale of liquor at retail, for the period from 1945 to 1952.

2. In 1952 Anna Tabarrini Pierelli made an arrangement with her daughter-in-law, Helen Tabarrini, for the daughter-in-law to purchase the premises, to include the restaurant liquor license. All the negotiations for the sale and transfer were conducted between Anna Tabarrini and Helen Tabarrini and the intent of the parties was that Helen Tabarrini should be the owner and operator thereof.

3. In the course of the negotiations and the financing connected therewith it became necessary for purposes of securing a mortgage and an additional bank loan that the name of Dino Tabarrini, husband of Helen Tabarrini, should appear on both the mortgage and the note. The agreement which was subsequently effected, with the name of Dino Tabarrini added to the documents, was that Anna Tabarrini Pierelli was to sell to Helen Tabarrini the premises, including the restaurant liquor license, for the sum of $13,000, of which sum $5,000 was raised by a mortgage executed by Dino and Helen Tabarrini to the New Citizens Building and Loan Association of Scranton, an additional sum of $3,000 was obtained from the Third National Bank and Trust Company of Scranton on a promissory note signed by Helen and Dino Tabarrini, and the balance of $5,000 was represented by an unsecured note signed by Helen and Dino Tabarrini to Anna Tabarrini Pierelli.

4. Thereafter Helen Tabarrini applied to the Pennsylvania Liquor Control Board for the transfer of the restaurant liquor license previously held by Anna Tabarrini Pierelli, the transfer to be made to Helen

Tabarrini. The Pennsylvania Liquor Control Board, conceiving that Dino Tabarrini, because of his apparent interest in the financial transaction, would likewise have an interest in the operation of the licensed premises, insisted that his name should be added to the application before the transfer was authorized and subsequently, the name of Dino Tabarrini being so added, transferred the license to Dino and Helen Tabarrini as joint licensees and issued annual licenses thereafter in both names.

5. As correctly found by the Liquor Control Board, in 1954 Dino Tabarrini was convicted under two separate indictments of the crimes of larceny and receiving stolen goods and was sentenced to a term of imprisonment in the penitentiary. Neither of the crimes for which Dino Tabarrini was convicted were in any way connected with the operation of the restaurant, nor in any way connected with a violation of either the Pennsylvania or Federal laws with reference to dealing in or the sale of intoxicating beverages, nor with the violation of any regulation of the board with the exception that obviously Dino Tabarrini as a person convicted of a serious criminal offense became an unfit person to be the holder of a liquor license.

6. With respect to the criminal activities of Dino Tabarrini, the colicensee, Helen Tabarrini, was an innocent party and was completely ignorant of the activities and transactions which led to the subsequent arrest and conviction of Dino Tabarrini.

7. During the period in which Dino Tabarrini and Helen Tabarrini were colicensees, Helen Tabarrini was the active manager of the restaurant and was responsible for the conduct of all its business and for the payment of money to the New Citizens Building and Loan Association and the Third National Bank to reduce the loans made by her for the purchase of the enterprise.

8. Since 1952 to the date of the hearing in this case Helen Tabarrini has reduced the mortgage loan to the New Citizens Building and Loan Association to the sum of $4,638.56 and has reduced the $3,000 note at the Third National Bank so that the amount due is $510.

9. The sole source of livelihood and income to Helen Tabarrini and her two small children is her interest in this business.

10. Since the conviction of Dino Tabarrini and his imprisonment, Helen Tabarrini and her mother-in-law, Anna Tabarrini Pierelli, have agreed that Helen Tabarrini will sell the property, including the restaurant liquor license, to Anna Tabarrini Pierelli for the sum of $13,000 on the following terms: Anna Tabarrini Pierelli is to repay to Helen Tabarrini approximately the sum of $3,000, representing the amount by which Helen Tabarrini had reduced the mortgage and bank loans obtained by her in 1952. Anna Tabarrini Pierelli is to assume the payment of the balance due on the mortgage to the New Citizens Building and Loan Association and Anna Tabarrini Pierelli is to cancel the unsecured note for $5,000 made to her by Dino and Helen Tabarrini. Thereafter Anna Tabarrini Pierelli, if licensed, proposes to give up her personal employment at a textile mill and to operate the restaurant as her own undertaking.

11. Application for the transfer of the liquor license by Dino and Helen Tabarrini to Anna Tabarrini Pierelli has been duly made, but approval thereof has been withheld by the Pennsylvania Liquor Control Board because of the pending revocation proceedings. A deed of transfer of the real estate involved has been made by Dino and Helen Tabarrini to Anna Tabarrini and duly delivered.

Under the provisions of section 471 of the Liquor Code of April 12, 1951, P. L. 90, the court on appeal

from revocation proceedings may in the exercise of its discretion sustain, reject, alter or modify the findings, conclusions and penalties of the board based on the findings of fact and conclusions of law as found by the court. We have, as noted above, modified the findings of the Liquor Control Board by making additional findings as stated and the question is presented as to whether we are warranted in modifying the conclusions and penalty of the board as a result of our modified findings. We are of the opinion that we should do so.

We are convinced from the testimony that the real party in interest in this undertaking was Helen Tabarrini. It is quite apparent that Anna Tabarrini Pierelli after her second marriage was quite confident of the ability of her daughter-in-law to conduct the business and therefore sold the property and the business to Helen on terms which placed on Helen a serious financial burden, but which at the same time were quite favorable, no doubt due to the family relationship involved. It is reasonable to suppose that as subsequent events indicated, little confidence was placed in Dino and in fact he appeared in the transaction and in the subsequent conduct of the business as a secondary figure. Although it does not appear in the findings and conclusions of the board, we gather that the board must have been seriously impressed by the argument of counsel at the hearing before the examiner that this was a true husband and wife relationship so far as the business was concerned and that harsh as it may seem, if one of the partners in such an enterprise becomes an unfit person, the weight of the penalty must fall on both. In our view of the evidence, however, and after hearing personally the witnesses, Helen Tabarrini and Anna Tabarrini Pierelli, we are convinced that Anna Tabarrini Pierelli regarded her daughter-in-law as the real party in interest and the

individual for whose benefit and the benefit of her children the 1952 transaction was consummated, and that it is with the laudable desire to rescue a hitherto respectable family business from the burdens placed upon it by the actions of a wayward son, that Anna Tabarrini Pierelli now proposes to take back the property and to preserve to Helen Tabarrini and her children the equity in it heretofore earned by Helen.

Convinced as we are that Helen was the real party in interest, we think it would be unjust to have the burden of the serious financial loss fall on her such as would fall because of the operation of the Quota Law if the complete revocation of this license were sustained. We must of necessity recognize that while a license for the sale of liquor at retail is a privilege, it does have, in view of the operation of the Quota Law, a quasi-property value, and since the provisions of the law provide that in the case of a family owned property the property is not available for the issue of another liquor license for a period of one year after revocation, the destruction of a going business might occur in this case to the serious financial loss of the innocent parties. We, therefore, feel justified in modifying the conclusion and penalty of the board to provide that the revocation as to Dino Tabarrini shall stand, but as to Helen Tabarrini shall be reversed, and that the license restored as to Helen Tabarrini shall be suspended for a period of 60 days. Coupled with this modification we suggest to the board that it permit the transfer of the license to Anna Tabarrini Pierelli if in the discretion of the board it appears that Anna Tabarrini Pierelli shall qualify properly under the law and under the regulations of the board as a proper licensee.

## Order

Now, July 7, 1954, based upon the findings of fact and conclusions of law as found by the court, the penalty of revocation imposed by the Pennsylvania Liquor

Control Board as to Dino Tabarrini and Helen Tabarrini as joint licensees of a restaurant liquor license for the premises at 2100 Cedar Avenue, Scranton, Pa., is modified as follows:

1. The license as to Dino Tabarrini is revoked.

2. The license as to Helen Tabarrini is restored, but is suspended for a period of 60 days. The court suggests that the Pennsylvania Liquor Control Board in the exercise of its discretion authorize the transfer of this license from Helen Tabarrini to Anna Tabarrini Pierelli, subject to the provisions of law and the rules and regulations of the Pennsylvania Liquor Control Board.

### Order Amending Prior Order

Now, July 16, 1954, it appearing to the court that a restaurant liquor license issued by the Pennsylvania Liquor Control Board is not severable so as to permit a revocation as to one joint licensee and a retention by another joint licensee, and in order to carry out the intention of the court to protect the economic interest of Helen Tabarrini in the business formerly operated by her under a license issued jointly to Dino Tabarrini and Helen Tabarrini, the order heretofore entered on July 7, 1954, is amended and corrected as follows: The appeal of Helen Tabarrini is sustained and the revocation of the license of Dino Tabarrini and Helen Tabarrini is set aside. It is further ordered and directed that the license of Dino Tabarrini and Helen Tabarrini be suspended for a period of 60 days, during the said period of the time Helen Tabarrini is to dispose of the license by bona fide sale and transfer to a transferee to be approved by the Pennsylvania Liquor Control Board. In the event that the sale and transfer be not effected within the 60-day period, the suspension is to continue in force until such transfer can be completed, in accordance with the rules and regulations of the Pennsylvania Liquor Control Board. Costs to be paid by appellant.